By the Court, Bronson, J.
We are referred to the statute which prohibits the sheriff from taking a bond or other security colore officii, (2 R. S. 286, § 59,) and to the statute against selling offices, (id. 696, § 35, 37,) to prove that the bond of the deputy is void. The sheriff has authority *22 to appoint deputies, (1 id. 379, §73;) but there is no law regulating the amount of compensation which the deputy shall receive, as was the case in Tappan v. Brown, (9 Wendell, 175.) The sheriff has here taken a bond from the deputy for the faithful discharge of his duties, and to account for and pay over one half of the fees of such business as should be done by the deputy. There can be no doubt that the bond is valid; The question has been long settled in cases coming under the statute, 5 and 6 Ed. 6, ch. 16, from which our statute against the sale of offices was taken. When the principal,, on appointing a deputy, takes an agreement for the payment of a gross sum,' which is not to come out' of the profits of the office, the contract is void. But where he reserves a part of the fees of the office, or a sum certain, which is to come out of the profits, the contract is good. And the reason why the principal may take a stipulation for a part of the fees or profits, is, because the whole belongs to him; and, as has been said, “ it is only reserving a part of his own, and giving away, the- rest to another ” (Godolphin v. Tudor, 2 Salk. 468. 6 Mod. 234, S. C. 1 Bro. P. C. 98, affirmed in the house of lords. Culliford v. Cardinal, Comb. 356. 12 Mod. 90, S. C. by the name of Culliford v. Cordonmy. Comyn’s Dig. tit. Officer, K. 1.) In the case of Tappan v. Brown, (9 Wendell, 175,) a part of the fees belonged by law to the deputy. But in this case they all belong to the sheriff; and the agreement to divide them, is only a mode of settling the compensation of the deputy for such-services as he might render. Such an agreement the parties were at liberty to make.
New trial denied.